BARBARIN
*v.*
BARBARIN.

## WALSH *v.* BARROW.

*Where a case is tried before a jury who write only french, and the verdict is returned by them in that language, and it is translated into english under the direction of the court, read to them as translated, assented to by them, signed by the foreman, and recorded by the clerk in their presence, it will be sufficient.*

APPEAL from the District Court of Terrebonne, *Randall,* J. *Beatty,* for the plaintiff. *C. A. Johnson,* for the appellant. The judgment of the court was pronounced by

ROST, J. The plaintiff seeks to recover $900, for wages as overseer of the defendant, during the year 1843. The answer sets up a contract, by virtue of which it is alleged that the plaintiff was to be paid for his services in proportion to the amount of the crop made by him, and under which he is entitled to about $400. The answer further avers that the plaintiff neglected his business, to the great injury of the defendant; that, by his fault, a negro worth $1000, and a mule worth $150, had been lost. He claims judgment in reconvention against the plaintiff for $6,500, besides $50 for a set of cooper's tools. The case was originally submitted to a jury, who found a verdict in favor of the plaintiff for $900. But the verdict being silent on the demand in reconvention, the judgment rendered thereon was reversed on appeal, and the case remanded for further proceedings. It was again submitted to a jury, who found the same verdict in favor of the plaintiff, and against the defendant for his claim in reconvention. A motion for a new trial was made and refused, and from the judgment rendered in pursuance of the verdict this appeal was taken.

The defendant asks that the judgment of the lower court be set aside and the case remanded for a new trial, on two bills of exception. The first is to the introduction by the plaintiff of the testimony of *Jean Lirette,* taken at the former trial, (the witness being dead at the time,) on the ground that when the said witness was examined on the first trial, the defendant's counsel having asked him to state the names of some persons he had heard speak ill of *François Rodriguez,* the court improperly refused to permit the inquiry, and the defendant then excepted; that it was agreed that the objection should stand as a bill of exceptions; that, by such improper refusal to allow the inquiry to be made, the defendant was deprived of his full right of cross-examination, and the testimony remained incomplete. Two other witnesses, one of whom was

introduced by the defendant, swear to the same fact, and many material parts of the testimony of *Rodriguez* are falsified by unimpeached witnesses, and particularly by the experts appointed by the court to examine the fields, about the situation of which he had testified. As it is manifest that this witness is unworthy of credit, justice does not require the case to be remanded to ascertain that fact.

The second bill of exceptions taken by the defendant is to the permission granted by the court, on motion of the plaintiff's counsel, to translate the verdict of the jury. The case was tried before a french jury, and the verdict was returned by them in the french language. It was translated into english under the directions of the court, read to them in that language, assented to by them, signed by the foreman, and recorded by the clerk in their presence. It is difficult to understand how the proceeding could have been conducted otherwise, if none of the jurors could write english.

This case differs from that of *Dubertrand* v. *Laville*, 8 La. 275. In that case, the verdict was merely recorded in english in the minutes of the court, and the translation was not signed by the foreman of the jury. If it should be contended that the proceeding was informal, there is nothing in the circumstances of the case which would justify us in remanding it on that ground. The questions it presents are all questions of fact, and a careful perusal of the record has satisfied us that the judgment does justice between the parties.

*Judgment affirmed.*